Stuart Price, Esq. (SBN:150439)
**Price Law Group, APC**
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-205-2466
Stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*David Doerken*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DAVID DOERKEN, an individual,

          Plaintiff,

    vs.

USAA FEDERAL SAVINGS BANK,

a Texas Corporation; and DOES 1 - 10,

      Defendant(s).

**Case No.:**

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

1.  **TCPA, 47 U.S.C. § 227; and**
2.  **CAL. CIV. CODE § 1788** *et seq*.

**(Unlawful Debt Collection Practices)**

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, David Doerken ("Plaintiff"), through his attorneys, alleges the following against Defendant, USAA Federal Savings Bank ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant availed itself here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Santa Monica, Los Angeles County, California.

6. Plaintiff is a "consumer" as defined by CAL. CIV. CODE § 1788.2(h).

7. Plaintiff is a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

8.  Defendant is a "debt collector" as that term is defined by CAL. CIV. CODE §1788.2(c), and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a debt collector with its principle place of business located at 10750 McDermott Freeway, San Antonio, TX 78288-9876.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. In an attempt to collect on one or more alleged consumer accounts, Defendant began calling Plaintiff on his cellular phone number (510) 847-5981 in around May 2016 from the following numbers: (800) 531-0378; (800) 531-8722; and (800) 531-7013.

13. Between May 23, 2016 and June 25, 2016 Plaintiff was called on his cellular phone no less than forty-four (44) times by Defendant.

14. On June 27, 2016 at 9:32 a.m., Plaintiff received a call from (800) 531-0378 and spoke with a representative at which point Plaintiff unequivocally revoked consent to be contacted on his cellular phone.

15. Despite revoking consent to be contacted on his cellular phone Plaintiff was called no less than seventy-five (75) times between June 28, 2016 and August 4, 2016.

16. Defendant called Plaintiff on his cellular phone between two and five times a day.

17. On September 8, 2016 Plaintiff's counsel sent Defendant a demand letter putting Defendant on notice that Plaintiff was represented by counsel.

18. Defendant called Plaintiff counsel's office on or about September 20, 2016 confirming that Defendant had received the demand letter.

19. On or about September 23, 2016 Defendant sent Plaintiff a letter in regards to the status of his account even though Defendant knew or should have known that Plaintiff was represented by counsel.

20. On or about October 19, 2016 Defendant again sent Plaintiff a letter in regards to the status of his account even though Defendant knew or should have known that Plaintiff was represented by counsel.

## COUNT I
**(Violations of the TCPA, 47 U.S.C. § 227)**

21. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii)

which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

22. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b.  Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances;

    c.  Defendant violated CAL. CIV. CODE § 1788.14(c) by initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt…; and

    d.  Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the

provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

   iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff, David Doerken, respectfully requests judgment be entered against Defendant, USAA Federal Savings Bank, for the following:

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

C. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §1788.30(b),

D. Actual damages pursuant to CAL. CIV. CODE § 1788.30(a);

E. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788.30(c), and

F.  Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,


Dated: November 29, 2016          By:*/s/ Stuart Price*
                                  Stuart Price, Esq.
                                  **Price Law Group, APC**
                                  15760 Ventura Boulevard, Suite 800
                                  Encino, CA 91436
                                  Tel: 818-907-2030
                                  Stuart@pricelawgroup.com
                                  *Attorneys for Plaintiff,*
                                  *David Doerken*