**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID DOERKEN, <br><br> Plaintiff, <br><br> v. <br><br> USAA SAVINGS BANK, <br><br> Defendant. | CV 16-08824-RSWL-MRW <br><br> **ORDER re: DEFENDANT'S MOTION TO STAY PROCEEDINGS** [20] |

**I. INTRODUCTION**

Currently before the Court is Defendant USAA Savings Bank's ("Defendant") Motion to Stay Proceedings ("Motion") pending the United States Court of Appeals for the D.C. Circuit's decision in <u>ACA Int'l v. Fed. Commc'ns Comm'n</u>, Appeal No. 15-1211 (D.C. Circuit) (filed on Oct. 13, 2015) [20]. The Court, having reviewed all papers and arguments submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

1

Defendant's Motion to Stay Proceedings is **GRANTED.**

## II. BACKGROUND

### A. <u>Factual Background</u>

This action arises from Plaintiff David Doerken's ("Plaintiff") claims that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code. § 1788. <u>See</u> Compl., ECF No. 1.

Plaintiff is an individual who resides in Los Angeles County, California. <u>Id.</u> at ¶ 5. Defendant is a bank with its principal place of business in Texas. <u>Id.</u> at ¶ 9.

Defendant attempted to collect a debt that Plaintiff allegedly owed. <u>Id.</u> at ¶ 11. Plaintiff alleges between May 2016 and June 2016, Defendant called Plaintiff more than forty-four times in its attempt to collect the debt. <u>Id.</u> at ¶ 13. On June 27, 2016, Plaintiff told a representative of Defendant that he unequivocally revoked Defendant's consent to contact him on his cellular phone; however, between June 28, 2016, and August 4, 2016, Defendant allegedly contacted Plaintiff at least seventy-five additional times. <u>Id.</u> at ¶¶ 14-15.

Plaintiff further alleges that Defendant called him using an automatic telephone dialing system ("ATDS"), which violates the TCPA. <u>Id.</u> at ¶¶ 21-22. Plaintiff also alleges these calls violated the RFDCPA.

Defendant denies its dialing system meets the definition of an ATDS and therefore it lacks liability under the TCPA. Def.'s Mot. to Stay Proceedings ("Mot.") 1:20-21, ECF No. 20.

**B.   Procedural Background**

On November 29, 2016, Plaintiff filed its Complaint against Defendant [1]. On January 4, 2017, Defendant filed its Answer [18]. On February 10, 2017, Defendant filed an Amended Answer with Plaintiff's stipulation correcting Defendant's name from USAA Federal Savings Bank to USAA Savings Bank [19]. On February 21, 2017, Defendant filed the instant Motion [20]. On March 1, 2017, Plaintiff filed its Opposition [23] and Plaintiff's Reply followed on March 13, 2017 [24].

### III. DISCUSSION

**A.   Legal Standard**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). A court may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action

before the court. Id. at 863-64. A stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims. Id.; see Landis, 299 U.S. at 256-57 (holding the lower court abused its discretion because the stay "continue[d] in effect" without "reasonable limits").

In exercising its discretion in determining whether to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Specifically, the court must consider: (1) the possible damage or harm to the non-moving party which may result from granting a stay; (2) the hardship or inequity the moving party may suffer in being required to go forward with the case if the request for a stay is denied; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. The proponent of a stay has the burden of proving that a stay is justified. Clinton, 520 U.S. at 708.

Regarding the second Lockyer factor, courts have held that there is no likelihood of damage or harm to the non-moving party merely because a stay could cause a delay to the plaintiff in receiving money damages. See Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co., No.

4

5:13-CV-05430-EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014); see also Nussbaum v. Diversified Consultants, Inc., No. 15-CV-600, 2015 WL 5707147, at *2 (D. N.J. Sept. 28, 2015) ("Because delay results inherently from the issuance of a stay, courts have found that mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage").

**B.  Analysis**

Defendant argues that the D.C. Circuit's decision in ACA will decide the exact issue pertinent to this case—whether equipment constitutes an ATDS if it merely has the potential capacity to generate random telephone numbers to be dialed. Mot. 2:1-4. Defendant argues a stay should be granted because: 1) a stay poses no risk of harm to Plaintiff because he is only seeking statutory damages; 2) Defendant will suffer prejudice because it will force Defendant to expend significant and potentially unnecessary costs in discovery and trial preparation depending on the D.C. Circuit's decision; and 3) granting a stay promotes the interests of the public and judicial economy in simplifying the issues in this case. Id. at 6:23-7:11; 8:5-23; 9:4-5.

Plaintiff argues a stay should not be granted because: 1) Defendant has not shown the ruling in ACA will simplify issues in this case; 2) regardless of the decision in ACA, discovery will need to be conducted; 3) Plaintiff will suffer prejudice and undue delay if a

5

stay is granted; and 4) Defendant has failed to submit any evidence it would suffer hardship or inequity if required to move forward. Pl.'s Opposition ("Opp'n") 7:16-23, ECF No. 23.

All of the factors a court must consider in determining whether a stay should be granted weigh in favor of granting a stay pending the D.C. Circuit's ruling in ACA. In exercising its discretion to determine whether to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant a stay. Lockyer, 398 F.2d at 1110. The factors this Court must consider are: (1) the possible damage or harm to the non-moving party which may result from granting a stay; (2) the hardship or inequity the moving party may suffer in being required to go forward with the case if the request for a stay is denied; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id.

Under the TCPA, an ATDS is equipment "which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). On appeal is the Federal Communications Commissions' ("FCC") finding that a piece of equipment has sufficient capacity to qualify as an ATDS if it has the present or "potential" capacity to store or produce numbers to be

6

called using a random generator, but not if it only has the "theoretical" capacity. See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C.R. 7961 (2015) ("July 2015 Ruling"). The July 2015 Ruling does not clarify the difference between "potential" and "theoretical" capacity.

The competing risks of harm favor granting a stay. Plaintiff's conclusory statement that many of Defendant's employees are entry-level debt collectors and that there is a high probability that they will no longer work for Defendant once the stay is lifted and will be unavailable as witnesses is unfounded. Opp'n 9:12-10:4. Moreover, a stay would not cause Plaintiff such great stress and emotional strain to justify denial of a stay given the significant effect the D.C. Circuit's ruling in ACA will have on the instant case. In contrast, potential prejudice to Defendant is significant because denying a stay would force Defendant to conduct discovery and defend the TCPA claim in light of the uncertain difference between "potential" and "theoretical" capacity under the definition of an ATDS.

A stay will serve "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." Lockyer, 398 F.2d at 1110. In ACA, the D.C. Circuit will address, among other things, what type of equipment constitutes an ATDS. Because Plaintiff must prove that Defendant called him using an ATDS to establish a TCPA claim, the

definition of an ATDS is indispensable in this litigation.[1] See Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) ("The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [ATDS]; (3) without the recipient's prior express consent").

One issue on appeal, among others, is whether the FCC's treatment of the term "capacity. . . is arbitrary, capricious, and an abuse of discretion, and results in an approach that [fails to] comport with the caller's constitutional rights of due process and freedom of speech." Chattanond v. Discover Fin. Servs., LLC, No. CV 15-08549-RSWL-JCx, 2016 WL 8202736, at *4 (C.D. Cal. Feb. 26, 2016)(internal quotation marks and citation omitted). Because Defendant denies its dialing system is an ATDS, the issue of what constitutes one is pertinent to this case.

Moreover, briefing in ACA was completed on February 24, 2016. Therefore, the appeal is not likely to remain pending for an extended period of time, and the possible prejudice to Plaintiff is minimal. Provo v. Rady Children's Hospital-San Diego, No. 15cv0081 JM(BGS), 2015 WL 6144029, at *2 (S.D. Cal. July 29, 2015).

---

[1] Plaintiff argues that predictive dialers qualify as an ATDS. Opp'n 5:9-10. However, as Defendant correctly points out, this argument is irrelevant because Plaintiff's Complaint does not allege that Defendant used a predictive dialer to call Plaintiff. See Compl.

8

Granting a stay may simplify the issues in this case and conserve resources both for the parties and the Court. Id. Defendant has shown there would be minimal, if any, harm or damage to Plaintiff if a stay is granted, Defendant would suffer hardship if it is required to move forward with discovery pending the D.C. Circuit's decision in ACA, and the ruling in ACA will serve to simplify and answer indispensable questions pertinent to the instant litigation. Thus, all factors weigh in favor of granting a stay.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Stay Proceedings [20]. Defendant shall confer with Plaintiff and file a status report advising the Court of the outcome of the decision from the United States Court of Appeals for the D.C. Circuit in ACA within 14 days from the date of decision. The status report shall include the parties' position as to how this Court should proceed. All dates on the Court's calendar are hereby vacated and will be reset as necessary.

**IT IS SO ORDERED.**

DATED: April 26, 2017         s/ RONALD S.W. LEW
                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge